# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   <br> ) <br> Plaintiff,   ) <br> ) <br> v.   ) <br> ) <br> BRYON CARL BROWN,   ) <br> ) <br> Defendant.   ) | Case No. 04-CR-0158-SEH[1] |

## OPINION AND ORDER

Now before the Court is the Motion to Reconsider (Dkt. # 31) filed by defendant Bryon Carl Brown. On April 9, 2007, the Court entered an Opinion and Order (Dkt. # 29) whereby it converted defendant's request for return of property under Fed. R. Crim. P. 41(g) (Dkt. # 25) to a civil complaint and dismissed the complaint for lack of subject matter jurisdiction. The Court found that, based on Clymore v. United States, 415 F.3d 1113 (10th Cir. 2005), sovereign immunity barred an award of monetary damages against the United States when the property at issue cannot be returned. The Court based its holding on the facts presented in the United States' response to defendant's Rule 41(g) motion, see Dkt. # 28; at the time, the Court was not in receipt of defendant's reply challenging any of the United States' facts. However, after entering that opinion and order, the Court received defendant's reply (Dkt. # 30) and a letter from defendant (Dkt. # 31). In an order dated April 24, 2007, Court ordered that Dkt. # 31 be treated and docketed as a motion to reconsider the Court's April 9, 2007 opinion and order, and that Dkt. # 30 be treated as defendant's brief in

---

[1] This criminal case was assigned to and adjudicated by former Judge Sven Erik Holmes, and was terminated on February 7, 2005. The materials have been referred to the undersigned in her capacity as chief judge, see Dkt. # 26; the case has not been reassigned.

support of the motion to reconsider. See Dkt. # 32. The United States has since filed a response to the motion to reconsider. See Dkt. # 33.

The Court finds that Brown's motion to reconsider and brief in response thereto do not present any information that would alter the Court's opinion and order (Dkt. # 29) dated April 9, 2007. In his brief, Brown states: "Detective Kock [sic] whom [sic] stated he was with the U.S. Marshall's [sic] task force, several times, states the truck was being impounded, however the radio's, checks, and other paperwork were being held. Detective Koch made a log of these items at the location of the traffic stop, and stated they were being held for evidence." Dkt. # 30, at 1. Brown appears to challenge the United States' assertion that it was never in possession of the radio and checks at issue in Brown's Rule 41(g) motion. However, defendant does not challenge the United States' assertion that it is no longer in possession of those items at this time. Regardless of whether the United States once had control over the property at issue, the Court finds that Clymore still applies to this action. The fact remains that the United States cannot return property that it does not actually possess. See Dkt. # 29, at 3. Further, as the Tenth Circuit made clear in Clymore, sovereign immunity bars monetary relief in a Rule 41(e) (now Rule 41(g)) proceeding when the government no longer possesses the property.

**IT IS THEREFORE ORDERED** that the Motion to Reconsider (Dkt. # 31) filed by defendant Bryon Carl Brown is hereby **denied**.

**DATED** this 29th day of June, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT